**Motion Granted and Abatement Order filed July 19, 2012**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00031-CR

_____

**RAYMOND EDWARD LEAL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1227701**

## ABATEMENT ORDER

Appellant entered a plea of guilty to murder and proceeded to a jury trial on punishment. In accordance with the jury's verdict, the trial court sentenced appellant on December 9, 2011, to confinement for ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice and assessed a $10,000 fine. Appellant timely appealed and counsel was appointed to represent him on appeal. On December 30, 2011, counsel filed a request for the reporter's record, including the testimony of all witnesses at the hearing on punishment.

On June 25, 2012, appellant filed an unopposed motion in this court to abate the appeal and remand to the trial court for a hearing concerning the lost or destroyed reporter's record. Brenda Burleigh, the court reporter who reported the testimony in appellant's trial died unexpectedly before the record in this appeal was prepared. B.J. Orsack, the official court reporter for the 174th District Court, assisted by Rhonda Campos and Cheryl Pierce, transcribed the record that had been taken by Brenda Burleigh. On June 4, 2012, B.J. Orsack filed six volumes of reporter's record in this appeal. According to appellant's motion, the testimony of eight of the State's thirteen witnesses is missing in whole or in part from the record. Specifically, appellant alleges that the testimony of the following witnesses is missing in whole or in part:

1. Officer R. Hernandez;
2. Officer R. Abdala;
3. Officer M. Skinner;
4. Jennifer Vasquez;
5. Hugh James;
6. Odette Elliston;
7. Deputy Ritchie; and
8, Deputy Palacios.

Included in the reporter's record are the following notes from B.J. Orsack explaining the missing record:

> (Note: Based on the handwritten worksheet of the certified official reporter who reported this trial, Brenda Burleigh, now deceased, her real-time setup turned off at this point in the trial. After a careful and tedious search and review of her computer and office, no steno or computer notes, whether electronic, physical or otherwise, have been located for transcription to be included in the reporter's record of the following witnesses: The remainder of Officer R. Hernandez, Officer R. Abdala, and Officer M. Skinner. According to the handwritten notes of the certified official reporter, the following exhibits were offered during these proceedings and have been included as part of the reporter's record: State's Exhibit Nos. 5, 6, 8, 10, 11 and 47.)

(R.R. III 31-32).

2

{Note: Based on the handwritten worksheet of the certified official reporter who reported this trial, Brenda Burleigh, now deceased, her real-time setup turned off at this point in the trial. After a careful and tedious search and review of her computer and office, no steno or computer notes, whether electronic, physical or otherwise, have been located for transcription to be included in the reporter's record of the following witnesses: The remainder of Jennifer Vasquez, Hugh James, Odette Elliston, Deputy Ritchie, and Deputy Palacios. According to the handwritten notes of the certified official reporter, the following exhibits were offered during these proceedings and have been included as part of the reporter's record: State's Exhibit Nos. 13 through 30, 31 through 52, and 53 through 66.)

(R.R. III 73-74).

Appellant's motion is supported by affidavits from B.J. Orsack, Cheryl Pierce, and Rhonda Campos. In addition, appellant certifies that Assistant District Attorney Alan Curry, counsel for the State, has no opposition to abatement for a hearing. We **GRANT** the motion and issue the following order:

Pursuant to Tex. R. App. P. 34.6(f), the judge of the 208th District Court shall immediately conduct a hearing at which, appellant, appellant's counsel, the State's counsel, and B.J. Orsack and her assistants, Rhonda Campos and Cheryl Pierce, shall participate, either in person or by video teleconference, to determine (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant portion of the court reporter's notes and records has been lost or destroyed; (3) if the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and (4) if the lost or destroyed reporter's record cannot be replaced by agreement of the parties. *See* Tex. R. App. P. 34.6(f). The court shall reduce its findings to writing and cause them to be included in a supplemental clerk's record filed with the clerk of this court. The trial court shall also see that a record of the hearing is made and cause that record to be filed with the clerk of this court. These supplemental records shall be due on or before **August 20, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's

3

findings are filed in this court.  The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.  It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

It is so ORDERED.

PER CURIAM